IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN L.,[1]  )<br>)<br>  Plaintiff,  )<br>)<br>v.  )<br>)<br>KILOLO KIJAKAZI, Acting  )<br>  Commissioner, Social Security  )<br>  Administration,  )<br>)<br>  Defendant.  ) | Civil Action No. 7:20-cv-00355<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John L., proceeding pro se, brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Both parties moved for summary judgment (Dkt. Nos. 10, 12, 16), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On August 4, 2021, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 17.) John L. filed a timely objection on August 18, 2021. (Pl.'s Obj., Dkt. No. 18.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will overrule plaintiff's objections, grant the

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

Commissioner's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 2–7.)  Briefly, the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairments of ischemic heart disease/coronary artery disease; gout; obesity; psoriasis/dermatitis; hearing loss in the left ear; hypertension; and hyperlipidemia.  After finding that plaintiff's impairments did not meet or equal any listed impairments, the ALJ reasoned that plaintiff retained the residual functional capacity (RFC) to perform a limited range of sedentary work.  Specifically, the ALJ found that John cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; cannot work around unprotected heights; can have occasional exposure to hazardous machinery, dust, odors, fumes, pulmonary irritants, extreme temperatures, vibration, and operating a motor vehicle; and can have exposure to moderate noise.  (Tr. 18.)  The ALJ found that plaintiff could not perform his past relevant work (off bearer, mixer, hose maker, material handler, utility worker, electrician), but could perform other jobs in the national economy, such as production assembler, addressing clerk, and stuffer.  (Tr. 22–24.)

## II.  DISCUSSION

**A.  Standard of Review**

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019).  Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence."

*Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  Further, objections must respond to a specific error in the report and recommendation.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver.  *Id.*  Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010).  As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155,

3

at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. John L.'s Objections to the R&R**

The R&R addressed John's argument that he cannot perform the jobs provided by the vocational expert at the administrative hearing. John did not allege any specific errors in the ALJ's RFC, but he contended that he is unable to work. The magistrate judge found that the ALJ properly addressed opinions by consultative examiner Dr. William Humphries and state agency physicians Drs. Jack Hutcheson and William Rutherford. The magistrate judge concluded:

> Here, the ALJ properly assessed the opinions of Drs. Humphries, Hutchison, and Rutherford, explained the weight he gave each of their conclusions and provided reasoning to support his conclusions. The ALJ provided the required narrative discussion describing how the evidence in the record supports each of his conclusions, citing specific medical facts and non-medical evidence, which 'build[s] an accurate and logical bridge from the evidence to [its] conclusion.' *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). The court is 'not left to guess about how the ALJ arrived at his conclusions' because the ALJ's findings include a sufficient summary and explanation of John's medical records, his hearing testimony, and the ALJ's conclusions. I find that the ALJ's RFC findings are supported by substantial evidence.

(R&R 12.)

The R&R also noted that John submitted new evidence to the Appeals Council. The new evidence did not justify remand because John did not provide "reasoning to the Appeals Council or in his briefing to the Court to support a finding of good cause for his failure to provide any records dated prior to the ALJ's October 2019 decision. Further, the records dated after 2019 are

4

new but not material because there is no reasonable probability they would change the outcome of the decision." (R&R 13.)

In his objections, John takes issue with the ALJ's characterization of his activities of daily living, which the ALJ reasoned are consistent with sedentary work, such as grocery shopping, and killing hogs with friends as recreation. John argues he is forced to go to the grocery store to buy groceries because he lives by himself and cannot afford to pay someone to do it; when he goes, he uses the electric shopping carts most of the time. John states he was an "observer, not a participant" to hog killing. The ALJ also took note of John's ability to lift a 50-pound bag of feed, but John states that the checkout attendant lifted it, not him. John's description of the evidence notwithstanding, the court agrees with the magistrate judge that the ALJ's RFC finding is supported by substantial evidence. Even if the court disagrees with the ALJ's assessment, the court may not reverse the ALJ's findings when there is "more than a mere scintilla of evidence" to support them. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Put another way, substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla but may be somewhat less than a preponderance." *Hancock v. Kijakazi*, Civil Action No. 1:20cv00046, 2021 WL 3507864, at *1 (W.D. Va. Aug. 10, 2021) (citing *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If, for example, it was difficult for John to go to the grocery store, or he only "observed" hog killing, his ability to go grocery shopping and hunting still supports the ALJ's conclusion. A reasoning mind would accept the evidence cited by the ALJ in his narrative discussion as sufficient to support the ALJ's RFC finding.

John also objects to the ALJ's "work recommendation," presumably the jobs the ALJ found he could perform that exist in substantial numbers in the national economy—production

assembler, addressing clerk, and stuffer. He complains that the speed of these jobs is beyond his ability. To the contrary, substantial evidence supports the conclusion that the speed of these jobs is within his ability. *See* 20 C.F.R. § 404.1545(a)(1); SSR 96-8p (a claimant's RFC is the most the claimant can do despite his impairments, not the least).

Finally, John notes that recently, in March, he fell and hit a rock face first, resulting in an operation to put plastic in his eye socket to fix a fractured orbital. This evidence is not relevant to the period at issue. *See Sheppard v. Berryhill*, Civil Action No. 4:17-CV-01877-CMC-TER, 2018 WL 4572325, at *12 (D.S.C. Aug. 30, 2018) (finding that new evidence is not material where there is "no indication the evidence applies to the relevant time period at issue before the ALJ"); (Tr. 2 (Notice of Appeals Council Action rejecting new evidence submitted by Love because the ALJ "decided your case through October 15, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 15, 2019").)

## III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 17) is ADOPTED;
2. Plaintiff's objections (Dkt. No. 18) are OVERRULED;
3. The Commissioner's motion for summary judgment (Dkt. No. 12) is GRANTED;
4. Plaintiff's motion for summary judgment (Dkt. Nos. 10, 16) is DENIED; and
5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: September 1, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge